# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

V.

TOBY WILLIAM THOMPSON

**CRIMINAL COMPLAINT**

CASE NUMBER: $CO-4200-SNOW$

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ____August 11, 2000____ in Broward County, in the Southern____ District of ____Florida____ defendants did knowingly and intentionally possess with intent to distribute a quantity of methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, that is, a mixture and substance containing a detectable amount of methylenedioxymethamphetamine (MDMA),

in violation of Title __21__ United States Code, Section(s) __841(a)(1)__

I further state that I am a(n) __Special Agent of the DEA__ and that this complaint is based on the following
                                     Official Title
facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached and made a part hereof: [x] Yes [ ] No

S/A Christopher W Mathes

Signature of Complainant
Special Agent Christopher W. Mathes
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

August 12, 2000 — 2:14 p.m.           at Fort Lauderdale, Florida
Date                                      City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer        Signature of Judicial Officer

**AFFIDAVIT**

I, Christopher W. Mathes, being duly sworn, depose and say:

I am a Special Agent with the United States Drug Enforcement Administration ("DEA"), and have been so employed since March 1998. Prior to that employment, I was a Police Officer assigned to the Criminal Investigations Division, with the Johnson City Police Department, Johnson City, Tennessee, for five and one half years. I have completed in excess of 1,200 hours of basic and advanced law enforcement instruction within the states of Tennessee and Florida as well as the DEA Academy. During my employment with DEA, I have received specialized training regarding the investigation and enforcement of drug violations and have actively participated in numerous investigations related to persons involved in the trafficking and importation of drugs, including MDMA, also known as Methylenedioxymethamphatamine (Ecstasy).

1. This affidavit is based upon an ongoing drug investigation, conversations with other law enforcement officers, information obtained through training and experience, enforcement activity previously conducted, a series of recorded telephone conversations and a video taped meeting in which your Affiant personally participated.

2. Beginning on July 5, 2000, approximately 30,000 dosage units of MDMA were seized in an on going DEA investigation. As a result, a defendant was arrested who is now cooperating with agents of the DEA.

3. At a debriefing of this cooperating defendant, he advised agents that he sold ecstasy to an individual he identified as Toby William Thompson. More particularly, he stated that Thompson is a distributor of large quantities of ecstasy. Thompson also sells cocaine, marijuana, GHB (commonly known as the "date rape drug"), Special K (Ketamine, a feline tranquilizer), and steroids. The

1

cooperating defendant stated that he and Thompson have engaged in drug transactions for the last two (2) years. The cooperating defendant stated that he and Thompson have done approximately 20 ecstasy transactions in which Thompson has purchased in excess of 100,000 ecstasy pills over the last 2 years. The cooperating defendant stated that Thompson had a shotgun in his residence.

4. On or about July 20, 2000, DEA agents arranged for the cooperating defendant to make recorded telephone calls to Thompson for the purpose of negotiating a sale of ecstasy to Thompson. The cooperating defendant called Thompson on Thompson's cellular telephone and the cooperating defendant also contacted Thompson on Thompson's pager. The cooperating defendant also contacted Thompson at Thompson's residence at 2843 N.E. 30th Street, Ft. Lauderdale. In these recorded telephone conversations Thompson agreed to purchase 10,000 ecstasy pills and agreed to pay $7.50 a pill for a total purchase price of $75,000.

5. On August 11, the DEA arranged for the cooperating defendant to meet Thompson at a motel room in Broward County, Florida, to accomplish the sale of the 10,000 ecstasy pills to Thompson. The DEA agents were able to obtain only 8,198 ecstasy pills from the DEA Southeast Regional Laboratory for this transaction. These pills have been tested by the laboratory and determined to be ecstasy (MDMA).

6. On August 11, additional telephone conversations took place between the cooperating defendant and Thompson in which Thompson agreed to come to the motel room for the purpose of purchasing the ecstasy. In these recorded conversation, Thompson stated that he only had $65,000, but that he would pay the other $10,000 on Monday, August 14, 2000. The cooperating defendant agreed.

7. On August 11, 2000, the cooperating defendant arrived at the motel room. A video camera recorded the events in the room and agents were in an adjoining motel room monitoring an audio

transmitter as well as a video camera.

8. On August 11, 2000 surveillance agents observed Thompson exit his residence carrying a black bag which he put in the trunk of a gold colored Cadillac. Thompson was accompanied by a black male and a white male in the vehicle. The agents followed Thompson to a gas station. No one opened the truck. Thompson proceeded to the motel where he exited his vehicle and retrieved the black bag from the trunk. Thompson entered the motel alone. Thompson came into the motel room carrying the black bag. He placed it on the bed. He took the money out of the black bag and dumped it on the bed in front of the cooperating defendant. Thompson confirmed that there was $65,000 and he picked up the clear plastic bags of ecstasy pills which were in a box on the other bed. On the video tape he opens the box, he picks up a large plastic bag containing 8,198 ecstasy pills. He smells the bag and closely examines individual packages of pills under the lamp. He discussed the markings on the pills with the cooperating defendant and asked about the quality of the pills. Thompson put one of the plastic bags of pills into his black bag and the agents effected his arrest. AT 7:27 PM. (CM)

9. In a post arrest statement following his Miranda warnings, Thompson admitted that he was in the ecstasy business. He stated he was going to pay $6.50 a pill in this transaction. He stated that he used to make $5.00 a pill, but that the competition was only making $1.00 per pill. Thompson stated that he is owed approximately $30,000.00 in drug proceeds for the distribution of illegal substances. He did not give the names of the people who owe him this money. Thompson did not know that the cooperating defendant was cooperating and he stated that he had done approximately 20 deals with him in the past two years in which the cooperating defendant had sold ecstasy pills to him. He said he purchased 15,000 pills from the cooperating defendant approximately 6 months ago and that he had less than 100 of those pills left at his residence. He stated that he had $20,000 more at his

3

residence in proceeds from these transactions which he keeps in a safe. Thompson stated that he had gotten the $65,000 out of a safe deposit box in Ft. Lauderdale, Florida, in the area of A1A and Oakland Park Boulevard. Thompson also told agents he had a pistol in the house, which he said was legal.

     10.    Based on the above facts, your Affiant submits that there is probable cause for the arrest of the defendant Thompson for possessing with intent to distribute Methylenedioxymethamphatamine (MDNA)(Ecstasy), a schedule 1 controlled substance under federal law, in violation of Title 21, United States Code, Section 841(a)(1).

                        FURTHER AFFIANT SAYETH NAUGHT

                        *[signature]*
                        CHRISTOPHER W. MATHES
                        DEA SPECIAL AGENT

Sworn to and subscribed before me this ___ day of August, 2000 in Fort Lauderdale, Florida

*[signature]*
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

4