UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-4200-SNOW

UNITED STATES OF AMERICA,          :

    Plaintiff,                    :

v.                                 :

TOBY WILLIAM THOMPSON,             :

    Defendant.                    :



**DETENTION ORDER**

Pursuant to 18 U.S.C. § 3142(f), on August 17, 2000, a hearing was held to determine whether the defendant **Toby William Thompson** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Toby William Thompson** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.  The defendant is charged with possession of methylenedioxymethamphetamine (MDMA) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Therefore, the defendant is charged with an offense involving a Schedule I controlled substance. 18 U.S.C. § 3142(g)(1).



2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that on July 5, 2000, agents of the Drug Enforcement Administration (DEA) seized 30,000 dosage unites of MDMA from an individual (CI) who agreed to cooperate with the Government. The CI told the agents that he had sold cocaine, MDMA and other drugs to the defendant, and estimated that the defendant had purchased 100,000 MDMA tablets from him within the past two years.

At the direction of the DEA, the CI engaged in several tape recorded conversations with the defendant regarding the purchase by the defendant of 10,000 MDMA tablets for $75,000. On August 11, 2000, the date set for the delivery, DEA provided the CI with 8,198 MDMA tablets. That same day, the defendant informed the CI that he could produce only $65,000, and would pay the remaining $10,000 on a later date. The CI agreed to these payment terms.

Thereafter, surveillance agents observed the defendant leave his residence while carrying a black bag, which he placed in the trunk of his car. The defendant then traveled to the motel where he was to meet the CI. He removed the black bag from his vehicle and carried into the motel room where the transaction was to take place.

Inside the room, the defendant emptied the black bag, which proved to contain the purchase money for the drugs. The CI produced the MDMA tablets, which were packaged in plastic bags. The defendant examined one of the bags, and discussed with the CI

the markings on the tablets. As the defendant began placing the plastic bags of pills into his own black bag, he was arrested by DEA agents. The events which took place in the motel room were recorded on videotape.

The defendant was advised of his rights and provided a full statement regarding his involvement in the drug transaction that had just taken place, as well as his prior dealings with the CI. A search warrant executed at the defendant's residence resulted in the seizure of various drugs, including MDMA tablets, cocaine, steroids and liquid GHB; items used in weighing and packaging drugs; used and unused hypodermic needles; $14,690 in U.S. currency; three loaded handguns, a shotgun and ammunition. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he has strong ties to this community, no prior convictions and family members who are willing to pledge money and property for a bond. The defendant does not appear to be a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. There is probable cause to believe the defendant possessed with intent to distribute a substantial quantity of MDMA, an offense punishable by more than ten years under 21 U.S.C. § 801, et seq. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will

assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to the community. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this **21st** day of August, 2000.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Nancy Vorpe-Quinlan (WPB)
Pretrial Services (FTL)
J. David Bogenschutz, Esq.

4