UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6234-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

　　　　Plaintiff,

-vs-

TOBY WILLIAM THOMPSON,

　　　　Defendants.
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### OBJECTIONS TO DETENTION ORDER

The United States, by and through the undersigned Assistant United States Attorney, files this Response to Defendant's Objections to Detention Order and states:

1. The United States relies on the Transcript of the record previously made before Magistrate Judge Lurana S. Snow on August 17, 2000. The government further relies on the exhibits submitted to the Court at that hearing, to wit, the Complaint and Affidavit; The Search Warrant for the Defendant's residence and Application and Affidavit; and the Search Warrant Return.

1



2. With respect to the Defendant's argument that he lawfully possessed the 4 firearms found in his residence,[1] the government respectfully refers the Court to the amended version of Title 18, United States Code, Section 924(c) which provides not only that it is illegal to use or carry a firearm during and in relation to a drug trafficking crime, but the statute also provides that it is illegal for anyone to possess a firearm in furtherance of any such crime. This defendant had a small, fully loaded, Raven firearm in the drawer under the coffee table. In the same drawer, there were approximately 250 ecstasy pills sitting next to the Raven. On top of the coffee table was a bottle of GHB, cocaine in a plate along with a straw and the defendant's City Furniture credit card. The agents also noted that the defendant told them he had one firearm in the house, when he actually had 4 firearms. Moreover, under Title 18, United States Code, Section 922(g)(3), it is illegal for any person who is an unlawful user of controlled substances to possess a firearm in and affecting commerce. Accordingly, in the government's view, the defendant did not lawfully possess the firearms.

3. The DEA Southeast Regional Laboratory has provided verbal confirmation that the liquid substance contained in the 2 bottles found on the coffee table and elsewhere in the residence are positive for GHB, commonly known as the "date rape drug."

The Magistrate Judge was correct in her findings of fact and in applying the law in this case. Congress has found that persons who engage in drug trafficking are presumptively a danger to the

---

[1] At this time the Grand Jury has returned a one count indictment charging the defendant with possession with intent to distribute ecstasy. The government is awaiting the report from the Southeast Regional Laboratory as to the other substances seized in the defendant's residence before superseding the present indictment. The government is also awaiting the tracing information relating to the firearms.

community. Title 18, United States Code, Section 3142(e). The drugs in this case, the ecstasy pills, the GHB, the steroids, the cocaine powder, are drugs marketed to the kids in the clubs. As the Magistrate Judge stated, "There is no real substantive evidence that this defendant has done anything in the past couple of years but deal very substantial quantities of drugs, and I agree that the fact that the penalty may be less for whatever reason Congress chose to afford it for MDMA [ecstasy] than for cocaine it is still a danger to this community, and especially because of the age level and places where this drug is sold." There are no conditions that could be imposed that would assure the safety of the community.

WHEREFORE, the United States respectfully requests that the defendant's Objections to the detention order be overruled, or in the alternative, that this Court hold a bond hearing de novo.

Respectfully submitted,

GUY S. LEWIS
UNITED STATES ATTORNEY

By: *Nancy Vorpe Quinlan*
NANCY VORPE QUINLAN
Assistant United States Attorney
Florida Bar No. 0593532
500 Australian Avenue
West Palm Beach, Florida 33401
Tel: (561) 820-8711 ext 3054
Fax: (561) 820-8777

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the Government's Response to

Defendant's Objections to Detention Order was delivered by fax to Dave Bogenshutz, Esquire this 25th day of August, 2000.

                                          *Nancy Vorpe Quinlan*
                                          NANCY VORPE QUINLAN
                                          Assistant United States Attorney