UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
UNITED STATES OF AMERICA,              CASE NO. 00-6234-CR-DIMITROULEAS

    Plaintiff,

vs.

TOBY WILLIAM THOMPSON,

    Defendant.
_____/

FILED by _____ D.C.

SEP   5 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER

THIS CAUSE having been heard upon Defendant's August 22, 2000 Objections to

Detention Order [DE-11], the Court having reviewed the Court file and Government's August

28, 2000 Response [DE-12], finds as follows:

1. On August 11, 2000, the Defendant was arrested and charged with Possession with

Intent to Distribute methylenedioxymethamphetamine (MDMA). The maximum punishment is

twenty (20) years in prison. 21 U.S.C. § 841(a)(1). Apparently, firearms were confiscated at the

time of the Defendant's arrest, but he has not been charged with anything other than the above-

mentioned MDMA charge.

2. A bond hearing was held before Magistrate Judge Lurana Snow on August 17, 2000,

and she entered her detention order on August 21, 2000 [DE-9], concluding that the Defendant

presented a danger to the community.

3. In his objections to the Detention order, the Defendant complains that the Magistrate

Judge did not consider whether there were conditions available to reasonably assure the safety of

the community.

4. In its response, the Government argues that persons who engage in drug trafficking are

presumptively a danger to the community. 18 U.S.C. § 3142(e). Moreover, the Government



peted

mentions the possibility of a superceding indictment.

5. Probable cause exists in this case to believe that the Defendant has committed the crime based both on evidence and the Grand Jury Indictment. U.S. v. King, 849 F. 2d 485, 488 (11th Cir. 1988). Once the Government established probable cause, it became the burden of the Defendant to come forward with some evidence to rebut the presumption of danger to the community. Once the Defendant has produced that evidence, the burden of persuading the Judge to detain, based upon danger to the community, still rested with the Government. To detain the Defendant, the Government's showing must be clear-cut. U.S. v. Hurtado, 779 F. 2d 1467, 1470 N.Y. (11th Cir. 1985). Even if the Defendant produces evidence to suggest that he is not a danger, the presumption of dangerousness remains in the case as an evidentiary finding, militating against release, to be weighed along with other evidence. U.S. v. Quartermaine, 913 F. 2d 910, 916 (11th Cir. 1990). The Government's burden of proof on the issue of dangerousness is clear and convincing evidence. U.S. v. King, 849 F. 2d at 489-90. Nevertheless, this court explicitly adopts the magistrate's pretrial detention order. U.S. v. King, 849 F. 2d at 490. Based upon the Defendant's admissions to being in the ecstasy (MDMA) business for the past two years, it is reasonable to believe that he would be unlikely to abide by conditions or combinations of conditions of release and not traffic in drugs while on release[1].

Wherefore, Defendant's Objections to Detention Order are Overruled.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this day of September, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[1]Even electronic surveillance can be circumvented. U.S. v. LaFontaine, 210 F. 3d 125, 135 (2d Cir. 2000).

Copies furnished to:

David Bogenshutz, Esquire
600 S. Andrews Avenue, #500
Ft. Lauderdale, FL 33301

Nancy Vorpe Quinlan, AUSA