UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO. 00-6234-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA )
)
          Plaintiff, )
)
v. )
)
TOBY WILLIAM THOMPSON, )
)
          Defendant. )
_____ )

## GOVERNMENT'S RESPONSE TO
## STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.   1.   The government is unaware of any written or recorded statements made by the defendant in response to interrogation by a person known to him to be a law enforcement agent.

Consentual recordings of the defendant were made. Specifically, these tapes can be reviewed at the discovery conference as set forth in paragraph A 6

below. Copies of these tapes can be obtained by providing two blank video tapes and four blank cassette tapes to Special Agent Roberto Bryan or Special Agent Chris Mathes of the DEA. They will copy the recordings in the government's possession and return the copies and any unused tapes to you.

2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

The following is the substance of an oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent which the government intends to use at trial: On the way to Court, the defendant was Mirandized again. The agents advised him of the items found in his residence as a result of the search warrant. He told the agents that the shotgun was never used. He admitted possessing a pistol, but denied having the other two handguns. He stated that he had not recently used drugs, but after his military service, he had used cocaine and ecstasy. He

      stated he did not want to talk about his girlfriend.

3. The defendant did not testify before the Grand Jury.

4. The NCIC record of the defendant is attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the DEA in West Palm Beach. A convenient time for the government would be Thursday afternoon, September 21, 2000. Please call the undersigned if you intend to review the evidence at this date and time.

      The evidence available for inspection at the discovery conference or at the Southeast Regional Laboratory includes: 2 video tapes; 4 audio cassette tapes; 4 firearms; ammunition; ecstasy; cocaine; GHB; steroids; black bag; $63,800; $1,874.81; $14,690; fanny pack; search warrant application, affidavit and return for the

defendant's residence; (please see the search warrant return for a description of all of the items found in the the defendant's residence;) search warrant application, affidavit and return for the defendant's storage unit; records from the State of Florida showing no known work history of the defendant; records from City Furniture relating to the defendant's account reflected on the credit card found on the coffee table on the blue plate with the cocaine. The search warrant, affidavit and return for the defendant's residence were previously provided to you prior to the Pretrial Detention Hearing. The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case, except that the DEA Southeast Regional Laboratory tested the controlled substances found in the defendant's residence. Any reports available at this time are attached hereto.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials

4

enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). The only information known to the government that is favorable to the defendant is that the agents noted that another person was living in the defendant's residence and some of the contraband items were found in the common areas of the defendant's apartment. Steroids were found in this person's bedroom. The case agent testified as to where items were found at the Pretrial Detention Hearing.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). At this time, the defendant's attorney has advised the government that the

defendant intends to plead guilty. In order to protect the informants in this case and ongoing investigations, the government will provide information about the cooperating witnesses at the discovery conference or, can advise counsel telephonically. At this time, although the cooperating individuals have been charged, there are no plea agreements as of this time. The names of the cooperating individuals are already known to the defendant.

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. There is a criminal record of a cooperating individual known to the government. This will be disclosed to you upon request. Please see paragraph D above.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings. However, the defendant's Drivers License photograph was identified by two cooperating witnesses.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, including the evidence seized from the defendant's residence, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow

7

independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.   The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.   At this time, the government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. However, numerous items have submitted to the DEA Southeast Regional Laboratory for fingerprint analysis. When the report is received, it will be provided to you.

N.   To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. Nevertheless, the government intends to offer the expert testimony in the

8

following fields: chemical analysis / narcotics-trafficking [methods] [terminology] [market price]/ fingerprint analysis and firearms. It is counsel's understanding that the defendant wishes to plead guilty. Should this change, the government will make further more detailed *disclosure* pursuant to this paragraph.

Having made this disclosure, the government hereby demands a written summary of expert testimony that the defense reasonably expects to offer at trial pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence, describing the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

9

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The attachments to this response are numbered pages 1 - 63. Please contact the undersigned Assistant United States Attorney if any pages are missing.

                                        Respectfully submitted,
                                        GUY A. LEWIS
                                        UNITED STATES ATTORNEY

By: _____
          Nancy Voppe Quinlan
          Assistant United States Attorney
          Florida Bar No. 0593532
          500 Australian Ave
          West Palm Beach, FL 33401
          Tel: (561) 820-8711
          Fax: (561) 820-8777

cc: Special Agent Chris Mathes, DEA

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by fax this 20th day of September, to J. David Bogenshutz, Esquire, Colonial Bank Bldg. Suite 500, 600 South Andrews Avenue, Ft. Lauderdale, FL 33301

                                      _____
                                        NANCY VORPE QUINLAN
                                        Assistant United States Attorney