UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6234-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

TOBY WILLIAM THOMPSON,

Defendant.
_____/



### RULE 32(c) SUBMISSION

COMES NOW the Defendant, TOBY WILLIAM THOMPSON, by and through his undersigned counsel, and pursuant to Federal Rules of Criminal Procedure 32(c), files this, his Objections to the Presentence Investigation dated November 3, 2000, with objections due December 1, 2000, and would aver as follows:

1. That the Defendant objects to allegations in paragraph 9 relating to comments alleged to have been made by him to agents of the Government at the time of his arrest, post-Miranda, in the following respects:

   a. the Defendant's recollection is that the agents asked him how many times he had seen the informant herein, an individual with whom he had dealt in the past and who he knew to own a nightclub. The informant herein lived in Amsterdam for most of the time that the Defendant knew him and he told the agents that he had seen him and been in contact with him about twenty times;

   b. as to the response that he "had a pistol at his residence, which he claimed was legal", the Defendant avers that the agents (probably after speaking with the informant and finding out that he actually had a shotgun in his residence) asked "is the gun at your house legal?" and the Defendant said "yes, it is" - and it was.



2. As to paragraph 10, from the seizures of the various handguns, and the drugs and drug paraphernalia at his residence, the Defendant made admissions that much of it belonged to him, and some of it was actually joint property with his roommate at that time. Whatever was found in the roommate's room, has not been indicated, but the Defendant stayed virtually out of that room and had no real knowledge about what was inside it. It should be noted, further, that the firearms that are indicated having been seized, did belong to the Defendant, and, to his knowledge, were either in a bedroom drawer, in an armoire (the shotgun), in a living room drawer, or under a mattress in his room. None of the firearms were carried with him during the course of this offense, nor was it suggested, or even anticipated, that they would be a part of any drug transaction for which he was Indicted;

3. As to paragraph 16, the Defendant objects to the increase for the firearm of two levels. The firearm was found in the Defendant's residence were neither intended to, nor were they a part of the Indictment herein. The Defendant was under no legal disability from the possession or ownership of the firearm (he was neither a convicted felon, nor was he on probation or any other supervision that would relieve him of that right), and he did not utilize the firearm in any fashion, either directly or indirectly, in this matter (parenthetically, the Court is directed to U.S. v. Clavijo, 165 Fed. 3d 1341 (11th Cir. CCA 1999) for the proposition that possession of a firearm on a vicarious basis will not support a two point enhancement. In the instant cause, the Defendant herein possessed a firearm only because it was found at his residence at a place distant from, not attenuated to, the offense for which he was arrested. The benign "possession" noted here is clearly not the same as that which would enhance the Defendant under the applicable statutory guideline provision;

4. As to paragraph 64, the Defendant objects that there is not included in that section, the "safety valve" provision as set down by U.S.S.G. 2D1.1(b)(6) which provides relief in the form of a two point reduction in the offense level if §5C1.2(2) statutory criteria

2

met that the Defendant's offense level is 26 or greater. The Defendant's offense level in this cause, according to the Presentence Investigation, is a level 28, or a 26 if the two level firearm enhancement is eliminated. Thus, either if the Defendant's offense level is 28, or 26, he qualifies for a two level reduction.

WHEREFORE, and in consideration hereof, the Defendant respectfully urges this Honorable Court to reduce his guidelines by seven total points from a guideline level of 28 to a guideline level of 21 as set forth herein for acceptance of responsibility, reduction of the firearm enhancement, and the "safety valve". That guideline then would change from 57 - 71 months to 37 - 46 months.

LAW OFFICES OF BOGENSCHUTZ & DUTKO, P.A.
COLONIAL BANK BUILDING • 600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • (954) 764-2500 • FAX (954) 764-5040

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this 1st day of December, 2000, to Nancy Vorpe Quinlan, Assistant United States Attorney, United States Attorney's Office, 500 Australian Avenue, West Palm Beach, Florida, 33401, and to Marilyn G. Westfield, U.S. Probation Officer, U.S. Courthouse, Room 315, 300 N.E. First Avenue, Miami, Florida, 33132-2126.

Respectfully submitted,

BOGENSCHUTZ & DUTKO, P.A.
Attorneys for Defendants
Colonial Bank Building, Suite 500
600 S. Andrews Avenue
Fort Lauderdale, FL  33301
(954) 764-2500

BY: _____
J. DAVID BOGENSCHUTZ
Florida Bar No. 131174

4