UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6234-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

TOBY WILLIAM THOMPSON,

Defendant.
_____/

## MOTION FOR DOWNWARD DEPARTURE

COMES NOW the Defendant, TOBY WILLIAM THOMPSON, by and through his undersigned counsel, and respectfully moves this Honorable Court to depart downward at sentencing now set for Friday, December 22, 2000, from the current Sentencing Guidelines on facts and circumstances of a kind, or to an exceptional degree, not adequately taken into consideration by the Sentencing Commission in forulating those guidelines, and would show for cause as follows:

### 1. EXCEPTIONAL ACCEPTANCE OF RESPONSIBILITY

THOMPSON is entitled to a downward departure due to his willingness to accept responsibility for his offense in extraordinary form. U.S. v. Lieberman, 971 F.2d 989, 996 (3rd Cir. 1992). He has demonstrated exceptional willingness to accept responsibility by his immediate and unqualified actions in early plea, but in debriefings, and his cooperation both after his arrest and during post-plea cooperation; which said cooperation has not resulted in a 5K1.1 motion. U.S. v. Kirkland, 28 F.3d 49, 51 (7th Cir. (Ind.) 1994).

Defendant has not relied on his guilty plea as sole evidence that he has extraordinarily accepted responsibility for his conduct. He admitted, early on, his involvement in the conduct comprising the offense. He has terminated any involvement in criminal conduct and surrendered himself to the wishes and requirements of the Government.



## 2. **HIGH PROSPECTS OF REHABILITATION**

The Defendant's prospects of rehabilitation are significantly more substantial given his age, education, and the actions which he has undertaken immediately upon his arrest, especially in his post-offense rehabilitation (see below), which would not even remotely suggest that he would be recidivist in any fashion.

## 3. **DRUG AWARENESS PROGRAM**

This Defendant's Presentence Investigation as well as his admissions, and those of his friends and parents, all indicate a continuing and severe drug problem. It is axiomatic that the Bureau of Prisons provides a 500 hour intensive drug treatment program which is called the "Drug Awareness Program (DAP)". This Defendant would benefit greatly from that program, he currently qualifies for the same, and it is urged that the Court make a specific recommendation on the Judgment and Commitment form that he be permitted to enter that program, at his place of incarceration, at the earliest possible instance.

## 4. **THE DEFENDANT QUALIFIES FOR "THE SAFETY VALVE"**

This Defendant's guidelines sentence, before any reductions, is indicated to be at a level 28. It is respectfully submitted that it should really be a 26 because there is an inappropriate enhancement for a firearm. Nevertheless, whether it is a 28 or a 26, the Defendant qualifies for the "safety valve" reduction found in U.S.S.G. 2D 1.1(b)(6) providing additional relief in the form of a two (2) point reduction in the offense level if section 5C1.2(2) statutory criteria are met, and if the Defendant's offense level is 26 or greater. This Defendant under the instant cause, qualifies under every provision of that section and, as indicated previously, his guideline level is 26 or greater, prior to any specific reductions. {See also U.S. v. Clavijo, 165 F. 3rd 1341 (11th Cir. 1999), U.S. v. Reid, 139 F. 3rd 1367 (11th Cir. 1998, U.S. v. Hunter, 172 F. 3rd 1307 (11th Cir. 1999) and U.S. v. Smith, 127 F. 3rd 1388 (11th Cir. 1997)}.

### 5. REMORSE

Remorse, although normally taken into some consideration in U.S.S.G. 3E1.1 "Acceptance of Responsibility", is a permissible factor for departure if it is present to some "exceptional degree". U.S. v. Fagan, 162 F.3rd 1280, 1283 (10th Cir. 1998) - emphasis added. The Defendant's remorse in this cause is extreme and he realizes the abject stupidity that has brought him before this Court. He recognizes that his substance abuse dependence was significant in this criminal matter and is desirous, and intent upon making sure that none of this reoccurs, and that he is able to start his life anew with his girlfriend and her child to make certain that a better life can be developed for both of them.

### 6. COMBINATION OF ALL FACTORS

THOMPSON qualifies for a reduction in sentence based upon a combination of the above factors even where no one particular factor would authorize a reduction on its own, especially from paragraphs 5 and 6 herein. U.S. v. Rioux, 97 F. 3rd 648, 6633 (2nd Cir. 1996). In 1994, a paragraph was added to the commentary of U.S.S.G. 5K2.0 allowing for a downward departure based on "a combination of factors". U.S.S.G. 5K2.0, comment. Additionally, the Supreme Court in Koon v. U.S., 518 U.S. 81 (1996) has reinforced the court's power to grant such a reduction in particular cases. Even prior to the amendment, several circuits had authorized such departures. See U.S. v. One Star, 9 F. 3rd 60, 61 (8th Cir. 1993); U.S. v. Hines, 26 F. 3rd 1469 (9th Cir. 1994); U.S. v. Cook, 938 F. 2nd 149, 153 (9th Cir. 1991); U.S. v. Bowser, 941 F. 2nd 1019, 1025 (10th Cir. 1991); U.S. v. Sklar, 920 F. 2nd 107, 117 (1st Cir. 1990). Since the amendment, at least three circuits have approved a "combination of factors" downward departure. See U.S. v. Rioux, 97 F. 3rd 648 (2nd Cir. 1996); U.S. v. Jones, 158 F. 3rd 492 (10th Cir. 1998). See also U.S. v. Rybicki, 96 F. 3rd 754 (4th Cir.), cert. granted, judgment vacated, 518 US 1014 (1996).

LAW OFFICES OF BOGENSCHUTZ & DUTKO, P.A
COLONIAL BANK BUILDING • 600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • (954) 764-2500 • FAX (954) 764-5040

Defendant should receive an ultimate reduction based upon the combination and joinder of factors which although they may not, in and of themselves, constitute such a ground for departure, in concert make a compelling case for such a reduction. It is evident that these specific, atypical facts are of a kind or to a degree not adequately taken into consideration by the Commission. Considering all factors asserted in this motion, to wit:

1) Exceptional Acceptance of Responsibility;
2) High Prospects of Rehabilitation;
3) Drug Awareness Program;
4) "The Safety Valve";
5) Remorse;
6) Combination of Factors;

this Court would be justified in sentencing this Defendant below his guidelines. U.S. v. Somerstein, 20 F. Supp. 2nd 454, 464 (E.D.N.Y. 1998).

WHEREFORE, in consideration of the plethora of reasons outlined above, the Defendant respectfully moves this Honorable Court for a sentence below his guidelines, as a downward departure, with any other special conditions that are appropriate, including a recommendation that the Defendant participate in the Bureau of Prisons Drug Awareness Program at his place of incarceration.

4

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this 15th day of December, 2000, to Nancy Vorpe Quinlan, Assistant United States Attorney, United States Attorney's Office, 500 Australian Avenue, West Palm Beach, Florida, 33401, and to Marilyn G. Westfield, U.S. Probation Officer, U.S. Courthouse, Room 315, 300 N.E. First Avenue, Miami, Florida, 33132-2126.

Respectfully submitted,

BOGENSCHUTZ & DUTKO, P.A.
Attorneys for Defendants
Colonial Bank Building, Suite 500
600 S. Andrews Avenue
Fort Lauderdale, FL 33301
(954) 764-2500

BY: _____
J. DAVID BOGENSCHUTZ
Florida Bar No. 131174