UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6234-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TOBY WILLIAM THOMPSON,

    Defendant.
_____/

## SUPPLEMENT TO RULE 32(c) SUBMISSION



COMES NOW the Defendant, TOBY WILLIAM THOMPSON, by and through his undersigned counsel, and pursuant to Federal Rules of Criminal Procedure 32(c), files this, his Supplement to Rule 32(c) Submission filed with the Court on December 1, 2000, and would show for cause as follows:

1. That as to the enhancement relating to firearms allegedly pursuant to §2D1.1(b)(1), the Defendant would restate and adopt his previous objection to the said enhancement. Any firearms found at the Defendant's residence which were utilized to enhance his current guideline were <u>intentionally</u> not included in the offense for which he was charged. That is, it is "improbable" that any weapons were connected with this offense in that the Defendant <u>traveled</u> from his residence to the hotel where the incident was to have taken place. He had every chance to carry a weapon <u>in the car</u> which he utilized to travel to that hotel and, intentionally, elected not to do so, much less carry the weapon from the car to the hotel where the incident of possession actually took place, and <u>was planned to take place</u>. It is undisputed that the MDMA for which the Defendant was arrested was



furnished by the Government, never reached the Defendant's apartment, and the guns and the drugs were never less than several miles apart. Thus, the adjustment is inappropriate. See also U.S. v. Vasquez, 874 Fd. 2d 250 (5th Cir. 1989);

2.     The Defendant, further, objects to the guideline calculations accumulating a base offense level of 26 or, 63 - 78 months. The Supreme Court of the United States, in the recent case of Apprendi v. New Jersey, 120 Sup. Ct. 2348 (2000), and Jones v. U.S., 2000 WL 217939 (June 29, 2000), has set forth a novel and heretofore uncharted rule of law relating to guideline computations for criminal offenses where weights are uncharged or properly presented to a Grand Jury or in an Indictment. The Apprendi issues relating to the particular case before this Honorable Court are simple and straightforward:

- a) the Indictment charges a "detectable amount of MDMA"; no weights are set forth;
- b) the Plea Agreement contains no weights of MDMA which the parties stipulated to being in existence;
- c) MDMA sentencing is governed by an equivalency computation of one gram of MDMA equalling 35 grams of marijuana (see U.S.S.G. §2D1.1 - "DRUG EQUIVALENCY TABLES").

The "Minimum Offense Level" from the drug quantity table for any of the controlled substances set forth in the MDMA section individually, "or in combination with other controlled substances" is a level 12, not a level 26.

With no amounts of controlled substances, including MDMA, the appropriate "Lowest Offense Level" for guideline purposes is a level 12, not a level 26. (Interestingly enough, left to the vagaries of pure guideline reference, the "lowest amount" of MDMA without weights in the Indictment may actually be one (1) gram or less, which would make the level appropriate to such an offense a level 6. However, the guidelines themselves in a parenthetically "provided", which follows the Drug Equivalency Table for MDMA places the lowest amount at a level 12).

2

Clearly, the amount of drugs (including MDMA) in the present case is a fact which "increases the prescribed range of penalties to which {Mr. Thompson} is exposed" and thus, it must be charged in the Indictment and proven beyond a reasonable doubt. Because the aggravating factor (the amount of MDMA and other drugs) was not charged in the Indictment, nor was it agreed to in a Plea Agreement, the amount cannot be used to calculate this Defendant's sentence. See Apprendi, id., and Jones, id. This Court must then calculate the Defendant's sentence using a base offense level of 12 which corresponds to the lowest allowable amount of marijuana. See U.S.S.G. §2D1.1(c)(14) and §2D1.1 - DRUG EQUIVALENCY TABLES - LSD, PCP AND OTHER SCHEDULE I AND II HALLUCINOGENS (AND THEIR IMMEDIATE PRECURSORS).

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing have been furnished this __20th__ day of December, 2000, to Nancy Vorpe Quinlan, Assistant United States Attorney, United States Attorney's Office, 500 Australian Avenue, Suite 400, West Palm Beach, Florida, 33401, and to Marilyn G. Westfield, U.S. Probation Officer, U.S. Courthouse, Room 315, 300 N.E. 1st Avenue, Miami, Florida, 33132-2126.

Respectfully submitted,

BOGENSCHUTZ & DUTKO, P.A.
Attorneys for Defendants
Colonial Bank Building, Suite 500
600 S. Andrews Avenue
Fort Lauderdale, FL 33301
(954) 764-2500

BY_____
J. DAVID BOGENSCHUTZ
Florida Bar No. 131174

3

