

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

December 06, 2001

RE: 01-10212-HH    USA v. Toby William Thompson
DC DKT NO.: 00-06234 CR-WPD

TO:   Clarence Maddox

CC:   Richard L. Rosenbaum

CC:   Anne Ruth Schultz

CC:   Harriett R. Galvin

CC:   Lisa T Rubio

CC:   Nancy Vorpe Quinlan

CC:   Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

December 06, 2001

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301



RE: 01-10212-HH      USA v. Toby William Thompson
DC DKT NO.: 00-06234 CR-WPD

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
   Original Exhibits, consisting of: one psi
   Original record on appeal or review, consisting of: three volumes

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (1-2001)

# United States Court of Appeals
## For the Eleventh Circuit

No. 01-10212

District Court Docket No.
00-06234-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOBY WILLIAM THOMPSON,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov 7, 2001
THOMAS K. KAHN
CLERK

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: November 7, 2001
For the Court: Thomas K. Kahn, Clerk
By: McCombs, Elaine



ISSUED AS MANDATE
DEC 0 6 2001
U.S. COURT OF APPEALS
ATLANTA, GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 01-10212
Non-Argument Calendar

_____

D.C. Docket No. 00-06234-CR-WPD



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 07 2001
THOMAS K. KAHN
CLERK

FILED by ___ D.C.
DEC 10 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

versus

TOBY WILLIAM THOMPSON,

                Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(November 7, 2001)

Before BLACK, CARNES, and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Toby Thompson appeals his 57-month sentence for possession with intent to distribute MDMA or ecstacy, in violation of 21 U.S.C. § 841(a)(1). Appellant first contends that his sentence should be vacated because the district court erred in its decision to enhance his base offense level pursuant to 21 U.S.S.G. § 2D1.1(b)(1)for possession of a firearm.  Second, he claims the district court erred in denying him consideration under the safety-valve provision of U.S.S.G. § 5C1.2 as well as the corresponding § 2D1.1.  Finally, Appellant argues that the district court erred in calculating his base offense level at 26 given that drug quantity was neither charged in the indictment nor established by the fact finder beyond a reasonable doubt.  Based on this alleged error, he seeks re-sentencing to base offense level 12 and, more broadly, challenges the court's overall jurisdiction to impose the 57-month sentence following the Supreme Court's recent decision in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000).

This Court reviews the district court's application of the Sentencing Guidelines *de novo* and its findings of fact for clear error. *United States v. Trujillo*, 146 F.3d 838, 847 (11th Cir. 1998).  Section 2D1.1(b)(1) of the Sentencing Guidelines provides that, in drug offenses, a two level increase is required where a dangerous weapon (including a firearm) is possessed.  In *United States v. Hunter*, 172 F.3d 1307 (11th Cir. 1999), this Court gave meaning to the 1991Guideline

amendment deleting the restriction that a weapon must be possessed during the charged offense to be enhanced under § 2D1.1(b)(1). The firearms enhancement is now proper if the weapon is possessed during the offense of conviction or during related "relevant conduct". *Id.* at 1309.

Where claims are raised for the first time on appeal, this Court will review for plain error to avoid manifest injustice. *United States v. Harness*, 180 F.3d 1232, 1234 (11th Cir. 1999). Under this standard, there must be an error that is plain and that affects substantial rights. *United States v. Olano*, 113 S. Ct. 1770 (1993). When these three factors are met, this Court may then exercise its discretion and correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.* at 1778.

Because Appellant raised the argument under *Apprendi* at sentencing, he has made a timely constitutional objection that is reviewed *de novo*. *United States v. Candelario*, 240 F.3d 1300, 1303-1306 (11th Cir.), *cert. denied*, 121 S. Ct. 2535 (2001). *Apprendi* requires that any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. 120 S. Ct. 2348, 2362-2363 (2000). *Apprendi* does not apply to calculations under the sentencing guidelines. *United States v. Nealy*, 232 F.3 825, 829 n.3 (11th Cir. 2000), *petition for cert. filed*,

(Jul. 5, 2001) (No. 01-5152). Moreover, there is no error, plain or otherwise, under *Apprendi*, where the term of imprisonment is within the statutory maximum. *United States v. Gerrow*, 232 F.3d 831, 834 (11th Cir. 2000), *petition for cert. filed*, (May 17, 2001) (No. 00-10071).

Upon review of the trial transcript, the district court's application of the Sentencing Guidelines, and consideration of the briefs of the parties, we find no reversible error.

With respect to his first challenge, Appellant contends that the firearms were unrelated to the ecstasy purchase and that it was clearly improbable that any weapon seized at his residence was connected to the charged offense. Appellant further argues that *United States v. Cooper*, 111 F.3d 845 (11th Cir. 1997) and not *United State v. Hunter*, 172 F.3d 1307 (11th Cir. 1999) should guide this Court's decision given the factual similarities between this case and the former.

The Government responds that Appellant's possession of both drugs and guns at his residence was part of his relevant conduct in that it was part of the "same course of conduct"as the charged conduct.

The district court's application of the firearm enhancement was proper given this Court's ruling in *Hunter*. In *Hunter*, the defendant was arrested in his automobile for possession with intent to sell. Two days following the arrest, drug

4

paraphernalia and firearms were found at his home nearly 100 miles from the scene of the arrest. This Court held that the items found at Hunter's home were "relevant conduct" to the charged offense and authorized a firearm enhancement pursuant to § 2D1.1(b)(1).[1]

Further, Cooper is factually distinguished from the instant matter in that the firearm was not found nearby the narcotics. *See* 127 F.3d at 1390; testimony of DEA agent Mathes disclosed the firearms were kept in close proximity to the drugs at Appellant's residence. Finally, it is evident the district court's factual findings were not clearly erroneous on this issue given Mathes' testimony regarding Appellant's previous drug transactions with the Government informant, and Appellant's own acknowledgment in his plea agreement that the aforementioned conduct was relevant.

Appellant's second assertion on appeal is that the district court improperly denied him consideration under the safety valve provision of U.S.S.G. § 5C1.2 and, by implication, the corresponding two-level reduction provision of U.S.S.G. § 2D1.1(b)(6). Appellant argues that the firearm should not have been attributed to him, as he had a roommate and did not have exclusive control of the residence.

---

[1] *See also, United States v. Smith*, 127 F.3d 1388, 1390 (11th Cir. 1997) (firearm enhancement is authorized if the weapon was possessed during related relevant conduct).

Citing *United States v. Clavijo*, 165 F.3d 1341 (11th Cir. 1999), Appellant argues that "possession" of the firearms found in the residence was "akin to mere possession by a co-defendant, which is insufficient to prohibit a defendant from receiving the safety valve protections."

However, the Government correctly responds that Appellant did not qualify for the safety-valve reduction as the district court found he possessed a weapon during related relevant conduct, and this Court has just decided the latter determination was proper. Moreover, Appellant is procedurally precluded from arguing on appeal the gun was possessed by a co-defendant when he never raised the argument in district court. After imposing sentence, the district court inquired of counsel whether there were any objections to the ultimate findings of fact or conclusions of law. Appellant made a general objection to the court's denial of the safety-valve reduction, but failed to raise the argument that the firearms were possessed by a roommate.

Given the evidence adduced at the sentencing hearing, the district court did not commit plain error in denying Appellant's request for a safety-valve reduction. The court appropriately relied on relevant case law and the testimony of DEA agent Mathes. Appellant inasmuch concurred with the court's conclusion on this issue by not only acceding in his plea agreement that the items found at his residence were

relevant conduct, but also in accepting the court's representation that the safety-valve issue would be foreclosed by an adverse ruling on the question of gun possession.

Finally, Appellant challenges the district court's jurisdiction to impose a sentence based upon an offense level of 26. He supplements his brief with *United States v. Buckland*, in which the Ninth Circuit held 841(b)(1)(A) and (B) facially unconstitutional under *Apprendi*. However, *Apprendi* is inapplicable to this case since Appellant was sentenced below the statutory maximum provided for by 21U.S.C. § 841(b)(1)(c) under which he was convicted. The statutory maximum for drug offenses without regard to drug quantity is 20 years and Appellant was given a sentenced of 57 months, well within the statutory maximum for a drug offense without regard to quantity. Further, *United States v. Buckland* is immaterial under these facts since, as stated above, *Apprendi* does not apply to the Sentencing Guidelines.

AFFIRMED.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia